# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL BURTON,        :

    Plaintiff       :

                      CIVIL ACTION NO. 3:19-1901

    v.             :

                      (Judge Mannion)

Superintendent DELBALSO, *et al.,* :

                    :

    Defendants

## MEMORANDUM

## I.  Background

Michael Burton, an inmate confined in the Mahanoy State Correctional Institution, Frackville, Pennsylvania, filed the above-captioned civil rights complaint pursuant to 42 U.S.C. §1983. (Doc. 1). The named Defendants are Superintendent DelBalso and Board Secretary John J. Talaber. Id. Along with the filing of his complaint, Burton submitted an application to proceed *in forma pauperis* under 28 U.S.C. §1915.  (Doc. 2).

A court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. §1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C.

§1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted). The Court has conducted an initial screening of Plaintiff's complaint, and for the reasons set forth below, Plaintiff's motion to proceed *in forma pauperis* will be granted, and the Plaintiff's complaint will be dismissed as legally frivolous.

## II.  Allegations in Complaint

Plaintiff alleges that "adding more time to his judge-imposed sentence is an increase of his punishment without the appropriate fact-finder having authorized his maximum being increased." (Doc. 1). Specifically, Plaintiff states that "increasing his sentenced original maximum date from 06/14/2017 to 09/02/2022 is an adding of punishment to the punishment that he originally received from his sentencing judge" and a "violation of double jeopardy." Id.

Thus, Plaintiff filed the instant action in which he seeks damages for false imprisonment and to be immediately released. Id.

## III.    Discussion

In order to state a viable section 1983 claim, a plaintiff must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990). "To establish liability for deprivation of a constitutional right under §1983, a party must show personal involvement by each defendant." Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009) ("Because vicarious liability is inapplicable to Bivens and §1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); see Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

With respect to Plaintiff's request for compensation for illegal confinement, it is well-settled that prisoners cannot use §1983 to challenge the fact or duration of their confinement or to seek immediate or speedier release. Preiser v.

Rodriguez, 411 U.S. 475 (1973). The United States Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477 (1994). "The complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id.

Because there is no indication of record that there has been a successful prior adjudication pertaining to Plaintiff's alleged unlawful conviction or sentence, it is appropriate to dismiss the claim for damages as legally frivolous. Plaintiff cannot, under Heck, maintain a cause of unlawful imprisonment until the basis for that imprisonment is rendered invalid. See also Gilles v. Davis, 427 F.3d 197, 210 (3d Cir. 2005) (holding that the favorable termination rule of Heck, under which a state inmate must secure a determination of invalidity of his conviction or sentence before seeking §1983 damages for unconstitutional conviction or confinement, applies to suits by prisoners who no longer are in custody, even

though federal habeas relief no longer is available due to the prisoner's release); Mitchell v. Department of Corrections, 272 F. Supp. 2d 464, 473 (M.D. Pa.2003).

Moreover, to the extent that Burton seeks release, a person in state custody may file an application for a writ of habeas corpus challenging the fact or length of his confinement under section 2254. 28 U.S.C. §2254. "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of §1983." Preiser v. Rodriguez, 411 U.S. 475, 490, 499 (1973) (determining that challenges to the fact or duration of physical confinement, or seeking an immediate or speedier release from that confinement is the heart of habeas corpus); Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) (holding, "when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under §1983 is appropriate"). Consequently, to the extent Plaintiff is seeking habeas relief pursuant to section 2254, it will be dismissed without prejudice.

## IV.  Conclusion

In light of the foregoing, the above captioned action, filed pursuant to 42

U.S.C. §1983, will be **DISMISSED**, without prejudice, as legally frivolous under 28 U.S.C. §1915(e)(2)(B)(i), and the case will be **CLOSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: December 10, 2019**
19-1901-01-ORDER